```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                            |   |                                   |
|---|---|---|
| NELSON VILLATORO,          | : |                                   |
|                            | : | Civil Action No. 11-4619 (RBK)    |
|           Petitioner,      | : |                                   |
|                            | : |                                   |
|           v.               | : | **MEMORANDUM OPINION AND ORDER**  |
|                            | : |                                   |
| DONNA ZICKEFOOSE, et al.,  | : |                                   |
|                            | : |                                   |
|           Respondents.     | : |                                   |

This matter comes before the Court upon Petitioner's filing of a Section 2241 Petition, which arrived unaccompanied by either Petitioner's filing fee of $5.00 or his in forma pauperis application, and it appearing that:

1. Petitioner is a federal inmate, currently serving his federal term of imprisonment. Petitioner is challenging a certain program (seemingly, the literacy program) administered to federal inmates. Pursuant to the governing regulation, the program Petitioner is referring to allows accrual of a certain amount of good-conduct-time ("GCT") credits to the participating inmates, that is, if these inmates maintain the behavior qualifying them for GCT credits altogether. In contrast, the inmates not participating in the program accrue less GCT credits. The regulatory regime makes an exception for removable aliens, allowing such aliens to obtain the maximum amount of GCT credits possible without participating in the program.

2.  The best this Court can surmise, Petitioner is still participating in the program in order to ensure that he would be allowed to obtain the maximum amount of GCT credits possible. However, it appears that Petitioner wishes to stop participating in the program while continuing receiving the maximum amount of GCT credits allowed. Petitioner seems to maintain that he should be allowed to do so on the grounds that Petitioner is a removable alien.

3.  The Petition is accompanied by a series of documents. These documents indicate that Petitioner exhausted his challenges solely by means of seeking informal resolution and appealing the outcome to his warden. These documents also suggest that, at this juncture, the prison authorities have no basis to deem Petitioner a removable alien, since no detainer or other document so suggesting was lodged against Petitioner by the immigration authorities. In other words, it appears that the sole basis for Petitioner's belief that he is a removable alien is Petitioner's own conclusion to that effect.

4.  In the event this Court correctly construed Petitioner's challenges, the Petition contains numerous shortcomings. At the outset, it appears that Petitioner's challenges are wholly speculative and, hence, fail to meet the "case or controversy" requirement set forth in the Article III. Moreover, even if this Court were to presume that Petitioner is about to stop

participating in the program *and* he would necessarily lose GCT credits in the event he does so (which, in turn, might mean that Petitioner's injury is sufficiently imminent to meet the Article III requirements), the nature of relief sought by Petitioner and the propriety of Petitioner's application for such relief in a habeas action are unclear. Indeed, even if the Court is to hypothesize that Petitioner seeks injunctive or declaratory relief, e.g., in the form of an order directing Respondents not to reduce Petitioner's GCT credits in the event Petitioner elects to stop participating in the program, the propriety of entertaining such challenge in a habeas action is uncertain: such challenges to the constitutionality of the regulation appear to be of the type suited to be raised by means of a civil complaint rather than a habeas petition. Furthermore, even if this Court were to presume that Petitioner's application for the relief he wishes to obtain could be sought in a habeas action, the substance of his claims appears ambiguous at best.

5. The documents attached to the Petition suggest that, as of now, there is no documentary basis to deem Petitioner a removable detainee. Indeed, it appears that, at the instant juncture, Petitioner relies merely on his concerns that, at some future point, he might be deemed a removable detainee, while conceding that, if he is *not* deemed a removable

     detainee, he cannot obtain the maximum amount of GCT credits allowed unless he participates in the program. Therefore, the actual challenge this Court can distill from the rather broad range of Petitioner's allegations appear to be rooted in Petitioner's position that the regulatory regime is unconstitutional as applied to a federal inmate who might, at some point in the future, be deemed a removable detainee but who has no detainer (or an analogous document executed by the immigration authorities) lodged against him.

6. If the Court is to presume that Petitioner actually wished to articulate the above-stated line of challenges, it appears that Petitioner did not exhaust these challenges administratively. In fact, it appears that Petitioner did not fully exhaust *any* challenges administratively. Indeed, the documents attached to Petitioner's application indicate that he sought to be excused from participation in the program (while accruing the maximum amount of GCT credits allowed) on the grounds that he is officially deemed a removable alien by the immigration authorities, and that *this* line of challenges was dismissed only by Petitioner's warden: on the grounds that Petitioner was not a removable alien, officially. It appears that Petitioner did not appeal even *this* line of challenges to the Regional or Central Office of the BOP. <u>A fortiori</u>, there is no reason for the Court to presume that Petitioner

      administratively exhausted what appears to be his actual claims, i.e., that he should be allowed to accrue the maximum amount of GCT credits (while not participating in the program) on the grounds that he is a *potentially* removable alien.

7. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals: it is "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Goldberg v. Beeler, 82 F. Supp. 2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).

8. Here, granted the ambiguity of Petitioner's challenges, enforcement of the exhaustion requirement appears particularly

suited. Therefore, Petitioner's instant § 2241 application will be dismissed for failure to exhaust his administrative remedies. Such dismissal will be without prejudice to Petitioner's filing of another § 2241 petition once Petitioner's challenges are fully exhausted administratively.[1]

9. However, in light of the ambiguities associated with Petitioner's instant § 2241 application, the Court cannot rule out the possibility that: (a) Petitioner wishes to raise claims other than those discerned by the Court; and (b) Petitioner did, in fact, fully exhaust his challenges administratively. Therefore, the Court finds it in the interests of justice to allow Petitioner an opportunity to file an amended petition: (a) detailing his *precise*

---

[1] The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. See id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. See id.

challenges, if any, which Petitioner *fully exhausted administratively* (these challenges shall address a determination which either affected Petitioner's term of confinement or is about to affect his term of confinement imminently);[2] (b) specifying the exact factual predicate underlying Petitioner's claims (e.g., stating, with utmost clarity, the basis for Petitioner's belief that he should be treated by his prison officials as a removable alien); and (c) stating the exact remedy Petitioner seeks to obtain in this habeas matter.

IT IS, therefore, on this  26th  day of   September  , 2011,

ORDERED that the Petition, as drafted, is dismissed as unripe or, in alternative, as seeking a remedy that cannot be obtained by

---

[2] A litigant is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

means of a habeas petition or, in alternative, for failure to meet the exhaustion requirement; and it is further

ORDERED that the Clerk shall administratively terminate this action by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that, in the event Petitioner is of opinion that he has challenges of habeas nature and he fully exhausted these challenges administratively, Petitioner shall file, within thirty days from the date of entry of this Order, Petitioner's amended petition detailing these challenges in accordance with the guidance provided in this Order and verifying that these challenges are duly exhausted administratively at all levels of the BOP; and it is further

ORDERED that, in the event Petitioner files such amended petition, the Court will direct the Clerk to reopen this matter; and it is further

ORDERED that, regardless of whether or not Petitioner elects to file his amended petition, Petitioner shall submit, within thirty days from the date of entry of this Order, his filing fee of $5.00 or his duly executed <u>in forma pauperis</u> application; and it is finally

ORDERED that the Clerk shall serve this Order upon Petitioner by certified mail, return receipt requested. The Clerk shall include in that mailing with a blank <u>in forma pauperis</u> form for

incarcerated individuals seeking to commence a habeas action.

        <u>s/Robert B. Kugler</u>
        **ROBERT B. KUGLER**
        **United States District Judge**